[Cite as *State v. Payne*, 2025-Ohio-5109.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2024 CA 00050 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Fairfield County Court of Common Pleas, Case No. 2024CR0029 |
| JOHNNY F. PAYNE, JR., | |
| | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: November 6, 2025 |

**BEFORE:** Craig R. Baldwin; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** CHRISTOPHER A. REAMER, Assistant Prosecuting Attorney and R. KYLE WITT, Fairfield County Prosecutor, for Plaintiff-Appellee; TODD W. BARSTOW, for Defendant-Appellant.

OPINION

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

{¶1}   Johnny F. Payne, Jr. (hereinafter "Payne") was indicted in the Fairfield County Court of Common Pleas on January 18, 2024, on four separate counts of Gross Sexual Imposition in violation of R.C. 2907.05(A)(4).

{¶2}   The charges against Payne centered on allegations that he sexually abused his step-daughter C.C. on four separate occasions.

{¶3} C.C. was born on December 30, 2011. C.C.'s mother was married to Payne at the time of the alleged sexual abuse. C.C. was under the age of 13 at the time of the alleged sexual abuse.

{¶4} Payne was arraigned on January 29, 2024, and entered pleas of not guilty to each count contained in the indictment.

{¶5} A jury trial was held on August 18, 2024, and the jury returned a verdict of guilty to each of the four counts.

{¶6} The trial court sentenced Payne on November 14, 2024.

{¶7} Payne filed a timely appeal and asserts the following assignment of error:

{¶8} "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF GROSS SEXUAL IMPOSITION, AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## STANDARD OF REVIEW

{¶9} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 385 (1997).

{¶10} "With respect to sufficiency of the evidence, 'sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." *Id*., p. 386, citing *Black's Law Dictionary* 1433 (6th ed.1990).

**{¶11}** "A court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, however, that court may nevertheless conclude that the judgment is against the weight of the evidence." *Id.*

**{¶12}** "Weight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' " *Id.*, p. 387, citing Black's, *supra*, at 1594.

**{¶13}** "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin*, 20 Ohio App.3d 172, 175 (1983).

## ANALYSIS

**{¶14}** Payne was charged with four counts of gross sexual imposition. R.C. 2907.05(A)(4) states, "(A) No person shall have sexual contact with another; cause another to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

{¶15} R.C. 2907.05(C)(2) states, "Gross sexual imposition committed in violation of division (A)(4) or (B) of this section is a felony of the third degree."

{¶16} Payne asserts in his assignment of error that the jury's verdicts were not supported by sufficient evidence and were against the manifest weight of the evidence. However, in his brief, his sole argument is that the "State's case rested entirely on the testimony of CC and her credibility." *Appellant Brief*, p. 2. This Court disagrees.

{¶17} The State presented various witnesses, other than C.C., who testified during the jury trial. The State called Brian Funk (school counselor), Caitlin Huffstutler (employee with Fairfield County Children Services), Jenifer Payne (mother of C.C.), Kathryn Nunemaker (detective for Fairfield County Sherriff's Office) and Jonathan Cody Tatum (employee with Harcum House Child Advocacy Center) in addition to C.C. *Trial Transcript*, Volume I, II and III.

{¶18} The State also submitted various exhibits into evidence. This evidence consisted of text messages, photographs, a calendar, permission to search form and a video disc of an interview with C.C. at Harcum House. *State's Exhibits*, 1A-1L, 2, 3A-M, 4, 5A-5E, 6 and 7.

{¶19} The jury was able to observe the exhibits and hear the testimony of the witnesses prior to making their decision in the case sub judice.

{¶20} The jury was also in the best position to judge the credibility of C.C.'s testimony as well as the other witnesses.

**{¶21}** The credibility of the witnesses is a matter primarily for the trier of fact to determine. *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. A reviewing court gives deference to the jury's determination of witness credibility because the jury "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1980).

**{¶22}** "When deciding whether to believe a particular witness's testimony, a jury may 'consider the reasonableness of the testimony and all the facts and circumstances surrounding the testimony.' " *State v. Greenwood*, 2021-Ohio-921, ¶ 41, quoting *State v. Brown*, 2016-Ohio-7944, ¶ 35 (other citations omitted).

**{¶23}** In the case at hand, the jury heard the testimony of the witnesses and viewed all the evidence, deliberated, and found Payne guilty on four counts of gross sexual imposition.

**{¶24}** This Court has reviewed the entire record, weighed the evidence and all reasonable inferences, considered the credibility of witnesses and determined that the jury did not lose its way or create a manifest miscarriage of justice. We, therefore, find Payne's assignment of error to be without merit.

## CONCLUSION

{¶25} Based upon the foregoing, we find Payne's convictions on the charges of gross sexual imposition were supported by sufficient evidence and was not against the manifest weight of the evidence. Accordingly, Payne's assignment error is overruled, and the judgment of the Fairfield County Court of Common Pleas is hereby affirmed.

{¶26} Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Hoffman, J. concur.

_____
HON. ROBERT G. MONTGOMERY

_____
HON. CRAIG R. BALDWIN

_____
HON. WILLIAM B. HOFFMAN

RGM/sms